

**ROSEMARY CURRAN SCAPICCHIO**

THE LAW OFFICE OF
# ROSEMARY CURRAN SCAPICCHIO
107 UNION WHARF
BOSTON, MASSACHUSETTS 02109

(617) 263-7400

FAX (617) 722-4198

WWW.SCAPICCHIOLAW.COM

JILLISE M. MCDONOUGH

June 6, 2019

Christine Wichers
Dustin Chou
Assistant United States Attorneys
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

> **RE:  *United States v Wesley MacGregor*
> *Crim. No.: 19-cr-10141-LTS***

Dear Attorney Wichers and Attorney Chou;

    Pursuant to Fed. R. Crim. P. 16 and Local Rule 116.3(A), Wesley MacGregor requests that the government provide discovery as follows:

**I.     Pursuant to F. R. Crim. P. 16**

    1.     MacGregor understands that the government has represented that is has provided or has made available for inspection any and all written or recorded statements of MacGregor pursuant to Rule 16(a)(1)(A) and (B), any prior criminal record pursuant to Rule 16(a)(1)(D), documents and tangible objects pursuant to Rule 16(a)(1)(E), and reports of examinations and tests pursuant to Rule 16(a)(1)(F).

    2.     The government has agreed to provide notice of any ***expert witness*** testimony pursuant to Rule 16(a)(1)(G) thirty (30) days before trial. MacGregor requests that the notice include: (1) the name and address and telephone number of the witness; (2) the qualifications of the witness; (2) the subject matter of the witness's opinion; (3) a written summary of the testimony the government intends to proffer at trial under Fed. R. Evid. 702, 703, or 705 with any such summary describing *in detail* the witness's opinion(s), as well as each basis or reason therefore, (4) identification by the expert of all documents, article, methods or testing reviewed and relied upon by the expert in reaching his or her conclusions and (5) the names and docket numbers of all cases in

which the expert has previously testify within the last five years; and the subject matter of each testimony.

## II.     Pursuant to Local Rule 116

3.     MacGregor understands that the government has represented that it has provided any search material pursuant to Local Rule 116.1(c)(1)(B), electronic surveillance pursuant to Local Rule 116.1(c)(1)(C), consensual interceptions pursuant to Local Rule 116.1(c)(1)(D), unindicted coconspirators information pursuant to Local Rule 116.1(c)(1)(E), identifications pursuant to Local Rule 116.1(c)(1)(F), and any exculpatory evidence as required pursuant to Local Rule 116.2((b)(1).

4.     Regarding *exculpatory evidence* (*see* 116.2(b)(1)(C)), MacGregor is specifically requesting the following additional discovery regarding any witness in the government's case:

   a.   Any oral or written promises made by the United States Attorney's Office or any other government agency to "A.S.," as he is denoted in the Indictment, regarding: (1) any intention not to prosecute him for any federal crimes or offenses, past or present; (2) any applications filed by any government agency for an S visa or any other visa for the benefit of A.S.; (3) any housing, financial, legal or other assistance provided to A.S., (4) any applications filed on behalf of A.S. to secure any benefits or assistance for him; and (5) any and all communication with any state or federal court by the government or any government agents on behalf of A.S. or in furtherance of this case.

   b.   Any oral or written promises made by the United States Attorney's Office or any other government agency to the Defense Attorney, as he is denoted in Paragraph 26 of the Indictment, as to any and all communications and or discussions relative to the government's intent to prosecute or not to prosecute the Defense Attorney for any federal crime including, but not limited to a complete description of any hypothetical scenarios of potential prosecutions used by the government or any agent of the government in communicating with the Defense Attorney.

   c.   Any oral or written promises made by the United States Attorney's Office or any other government agency to the Defense Attorney regarding any ethical violation the Defense Attorney may be exposed to which could jeopardize the Defense Attorney's license to practice law.

    d.    Any report from the Federal Marshals as to any alleged statement made by MacGregor during transport to or from his initial appearance.

    e.    Any and all training, personnel, policy and procedures manuals for Massachusetts Court Officers and all Massachusetts Trial Court employees from 1993 to the present.

    f.    The mobile data terminal data, turret tapes, CAD sheets, booking photos and drug certifications from the 3/30/18 arrest relating to A.S. as identified in the Indictment.

    g.    Any and all Department of Homeland Security or ICE detainee training materials, training classes or instructions offered by the Massachusetts Trial Court to any employees, including, but not limited to Court Officers.

    h.    All photographs referenced in the NCIC/III discovery from bate stamped pages 654-676.

    i.    The complete FBI file for A.S.

    j.    Copies of the logs mentioned on bate stamped page 588 in the discovery

    k.    Any information the government has learned from any source as to the use by any court officer of any lock up door to release a defendant, in the Newton District Court or any other district or Superior Court, the number of times such a release took place and the names and contact information for any such court officer or witness.

    l.    Any and all communications between the United States Attorney's Office, the Department of Homeland Security and any member of the Executive branch of government about this prosecution.

    m.    The complete Alien or "A" file of A.S.

    n.    Any and all statements contradicting MacGregor's alleged statements and/or Grand Jury testimony known to the government and any of its agents.

### III.   Other Requests

5.    MacGregor is further requesting production *forthwith* of:

      a.      The exculpatory discovery categories listed in Local Rule 116.2(b)(2)(A)-(G);

MacGregor understands that the local rules provides such discovery is to be produced *not later* than twenty-one (21) days before the first assigned trial date. However, the defendant states that any such discovery is material and necessary to his preparation and defense and that failure to make such production *forthwith* violates MacGregor's rights to due process and effective assistance of counsel.

6.     To provide a reasonable time to prepare for trial and to avoid undue surprise, MacGregor is further requesting production of the following *forthwith* (rather than twenty-one days before trial):

      a.      Statements, as defined by 18 U.S.C. § 3500(e) and Fed. R. Crim. P. 26.2(f), of witnesses, which the government intends to call in its case-in-chief. *See* Local Rule 117.1(a)(5).

7.     Alternately MacGregor requests for the purpose of properly evaluating, preparing and/or presenting a motion for severance:

      a.      Any grand jury testimony or other statements by either the Defense Attorney, Assistant District Attorney, Court clerk, interpreter or Judge Joseph, as to any statements alleged during the 52 seconds that the NDC tape was turned off;

      b.      Any grand jury testimony or other statements made by the defendant Judge Joseph or any other alleged unindicted co-conspirator to any person as to: (i) any alleged instructions provided to MacGregor about the release of A.S.; (ii) any information that the alleged instructions were communicated to MacGregor;

8.     Further, MacGregor requests the preservation and production of any notes taken by government agents and counsel during interviews of any government witnesses.

9.     Any instructions given to the grand jury concerning the elements of the offenses charged in the Indictment.

MacGregor again states that any such discovery is material and necessary to his preparation and defense and that failure to make such production *forthwith* violates MacGregor's rights to due process and effective assistance of counsel.

10.    MacGregor requests notice of the government's intention to use the Residual Hearsay Exception under Fed. R. Evid. 807. That is, MacGregor requests that the government provide notice of any intent to offer a statement, not specifically covered

by the hearsay exceptions set forth in Fed. R. Evid. 803(1)-(23) and 804(b)(1)-(4), but allegedly having equivalent circumstantial guarantees of trustworthiness and to further provide notice of the particulars of any such statement, including the name and address of the declarant.

MacGregor reserves the right to supplement the above requests, particularly upon receipt of certain additional materials to be received under protective order.

Sincerely,

/s/ Rosemary C. Scapicchio
ROSEMARY C. SCAPICCHIO