UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 19-10141-LTS |
| (1)  SHELLEY M. RICHMOND JOSEPH and ) | |
| (2)  WESLEY MACGREGOR ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO DEFENDANTS'
JOINT MOTION TO COMPEL PRODUCTION OF DISCOVERY**

The government respectfully requests that the Court deny the Defendants' Joint Motion to Compel Production of Discovery (Doc. No. 32) because the government has met its discovery obligations.

The government responds as follows to the itemized requests in the defendants' motion.

**1. The Government Has Already Disclosed All Required Information About the Existence of Any Promises, Rewards, or Inducements to Government Witnesses**

The defendants assert that the government has not met its burden to provide "a statement whether any promise, reward, or inducement" was given to the person identified in the indictment as A.S. Def. Mot. at 4 (citing L.R. 116.2(b)(1)(C)). That is untrue. In its automatic discovery letter, the government identified no promise, reward, or inducement to A.S. and stated that it is aware of "no further information or materials relating to this case of the type described in Local Rule 116.2(b)(1), other than items provided to you with this letter." That answers the question: the government is unaware of any promise, reward, or inducement given to A.S.

Defendants make the same erroneous assertion with regard to the person identified in the indictment as the Defense Attorney. Def. Mot. at 5. The government produced copies of both the proffer letter and the letter of immunity agreement signed by the government and the Defense

Attorney, and stated in its automatic discovery letter that it is aware of "no further information or materials relating to this case of the type described in Local Rule 116.2(b)(1), other than items provided to you with this letter." That answers the question: the government is unaware of any other promise, reward, or inducement given to the Defense Attorney.

### 2. The Court Should Deny the Defendants' Request for Early Jencks

The government has produced all information that is exculpatory within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), and/or Local Rule 116.2(a), including information that may also fall under the definition of Jencks Act material. *See* 18 U.S.C. § 3500.

The defendants request disclosure of all other Jencks materials "forthwith as a matter of constitutional due process." Def. Mot. at 6. They cite no case supporting their position. Indeed there is none. *See United States v. Perry*, 37 F. Supp. 3d 546, 560-61 (D. Mass. 2014) ("numerous courts have concluded that district courts cannot compel the early disclosure of Jencks material that neither does amount to *Brady* nor *Giglio* material") (citing cases). The only case mentioned in the defendants' brief, *United States v. Snell*, 899 F. Supp. 17 (D. Mass. 1995), concerned a court order directing the government to produce *Brady* material that also fell under the Jencks Act. As stated above, the government has already produced all *Brady* material.

### 3. The Court Should Deny the Defendants' Request for Two Grand Jury Transcripts

The defendants seek an order compelling the government to produce the grand jury transcripts of the persons identified in the Indictment as the Defense Attorney and the Assistant District Attorney, Def. Mot. at 6-7. Grand jury transcripts fall outside Rule 16(a), *see* Fed. R. Crim. P. 16(a)(3), and therefore are not part of automatic discovery, *see* L.R. 116.1(c)(1)(A).

Because grand jury proceedings are secret, a defendant seeking a grand jury transcript which is not otherwise discoverable, as is the case here, must show "'particularized need.'" *United States v. McMahon*, 938 F.2d 1501, 1505 (1st Cir. 1991) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958)). Examples of particularized need include "problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like." *Procter & Gamble*, 356 U.S. at 683. To show particularized need, a defendant must demonstrate "'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *United States v. Gurry*, Crim. No. 16-10343-ADB, 2019 WL 247205, at *2 (D. Mass. Jan. 17, 2019) (quoting *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 222 (1979)). "Speculative allegations" are insufficient to meet this burden. *Id.*

Speculation is all the defendants have offered. They assert that the Defense Attorney "may or may not" have testified about statements by MacGregor inculpating Joseph, and the Assistant District Attorney "may or may not" have made statements inculpating MacGregor. The defendants hypothesize that this possible grand jury testimony may serve as a basis for a motion to sever. Def. Mot. at 6-7. Accordingly, the defendants have failed to establish particularized need.[1]

---

[1] The basis for defendants' request – that the identified grand jury testimony might possibly support a motion to sever – is particularly attenuated. *See* Def. Mot. at 6-7. "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal citations and quotation marks omitted).

### 4. The Court Should Deny Defendant MacGregor's Additional Requests

Defendant MacGregor seeks ten categories of additional information. Def. Mot. at 7-9. In each case, either the government has produced everything that is responsive or MacGregor has failed to explain how the information is discoverable. Therefore, the Court should deny the requests.

**Request d:** MacGregor seeks "any report" by the U.S. Marshals Service documenting an oral statement that MacGregor made in the presence of a Deputy U.S. Marshal and two Special Agents from Homeland Security Investigations. The government has already informed MacGregor that no such report exists. *See* Doc. No. 30 at 2.

**Request e:** MacGregor seeks "any and all training, personnel, policy and procedures manuals for Massachusetts Court Officers and all Massachusetts Trial Court employees from 1993 to the present." The government has produced everything in its possession responsive to this request.

**Request f:** MacGregor seeks "the mobile data terminal data, turret tapes, CAD sheets, booking photos and drug certifications from the 3/30/18 arrest relating to A.S." The government has produced everything in its possession responsive to this request.

**Request g:** MacGregor seeks all DHS/ICE detainee training materials/classes/instructions offered by the Massachusetts Trial Court. The government has produced everything in its possession responsive to this request.

---

"Severance is especially disfavored in conspiracy cases," such as this. *United States v. Pena-Lora*, 225 F.3d 17, 33 (1st Cir. 2000).

**Request h:** MacGregor seeks all photographs "referenced in" the criminal record of A.S. on the grounds that they may illuminate whether ICE was seeking the correct person. The government has already produced the Newton Police Department booking photos of A.S. from his arrest on March 30, 2018 (MACGREGOR 698); a photograph of the Massachusetts driver's license that A.S. presented when he was arrested (MACGREGOR 690); the photograph associated with the Pennsylvania bench warrant forming the basis of the M.G.L. Fugitive Charge referenced in paragraph 6 of the Indictment (MACGREGOR 711); the photograph of A.S. that the ICE Officer had on his cell phone on April 2, 2018 (MACGREGOR 715); and a complete copy of the alien file of A.S. (MACGREGOR 738-1143), which contains numerous photos of A.S. MacGregor has failed to explain how any additional photographs – which the government does not possess in any event – are discoverable.

**Request i:** MacGregor seeks "the complete FBI file for A.S." The government has already advised MacGregor that it is unaware of any such file. *See* Doc. No. 30 at 3.

**Request j:** MacGregor seeks copies of the logs mentioned in MACGREGOR 588, which is a page from a Massachusetts Trial Court policy stating: "Court security personnel shall keep a log of every individual over whom the court accepts custody and who is subject to a civil immigration detainer or warrant, if known. Court security staff shall likewise keep a log of every instance in which DHS was notified that a person subject to a detainer was released from court custody, as well as every time DHS takes an individual into custody in a courthouse." The government has already advised MacGregor that it does not possess any Newton District Court logs that would fall under this description. *See* Doc. No. 30 at 3.

**Request k:** MacGregor seeks information "learned from any source" about any court officer's use of a lockup door to release a defendant, in any Massachusetts Superior or District Court courthouse, at any time, including contact information for any such court officer(s) and witness(es). MacGregor claims without explanation that this information is "plainly exculpatory." It is not. The requested information has nothing to do with the counts charging MacGregor with obstruction of justice and conspiring to obstruct justice. The basis of those counts is the decision of MacGregor (not any other court officer) on April 2, 2018 (not any other date) to release A.S. (not any other defendant) out the back door of the Newton District Courthouse (not any other courthouse), contrary to the normal custom and practice at the Newton District Courthouse (not any other courthouse), in order to help A.S. evade arrest by an ICE officer in the courthouse. *See* Indictment ¶¶ 11, 26-27. Nor does the requested information have anything to do with the perjury charge, in which MacGregor is accused of falsely telling the grand jury that, before releasing A.S., he was unaware of the existence of ICE agents in the courthouse or the immigration detainer for A.S. *See id.* ¶ 36.

**Request l:** MacGregor seeks communications between the United States Attorney's Office, the Department of Homeland Security, and "any member of the Executive branch" about this case to the extent any such communications are exculpatory. The government opposes this request on the grounds that all such communications are protected by the attorney-client privilege, the deliberative process privilege, and the law enforcement privilege. *See, e.g., United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004) ("The attorney-client privilege covers conversations between the prosecutors (as attorneys) and client agencies within the government.") (citing *Swidler & Berlin v. United States*, 524 U.S. 399 (1998)); *Dep't of Interior*

*v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (stating that the deliberative process privilege protects "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated")[2]; *Com. of P.R. v. United States*, 490 F.3d 50, 64 (1st Cir. 2007) (stating that the law enforcement privilege extends to law enforcement techniques and procedures). To the extent such communications are in writing, they also are protected by the work product doctrine. *See, e.g., Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 17 (1st Cir. 2012) ("the work product doctrine protects an attorney's written materials and mental impressions") (internal quotation marks omitted); *Zingsheim*, 384 F.3d at 872 ("[t]he work-product privilege applies to many other discussions between prosecutors and investigating agents") (citing *FTC v. Grolier Inc.*, 462 U.S. 19 (1983)). In any event, the government is unaware of any such communications that could be characterized as exculpatory.

**Request m:** MacGregor seeks an order compelling the government to disclose any statement contradicting his grand jury testimony on the grounds that "it is not clear from the discovery provided to date where the basis for the perjury charge stems from." This assertion is meritless. The 19-page speaking Indictment spells out in detail the government's allegations that an ICE officer arrived at the Newton District courthouse on April 2, 2018, at approximately 9:30 a.m. with an immigration detainer for A.S.; the ICE officer notified courthouse personnel of his identity and purpose; copies of the detainer were provided to various courthouse personnel; the ICE officer stayed in the public audience area of the courtroom until after the 12:04 p.m. proceeding; MacGregor was present in the courtroom during portions of the court proceedings

---

[2] "The deliberative process privilege is encompassed within the executive privilege." *ACLU v. Nat'l Sec. Agency*, 925 F.3d 576, 592 n.70 (2d Cir. 2019) (internal quotation marks omitted).

that day; MacGregor and the Defense Attorney, as part of the conspiracy, agreed that MacGregor would use his security access card to release A.S. in order for "A.S. to evade arrest by the ICE Officer" at the courthouse; and yet MacGregor told the grand jury that he did not learn of either the ICE officer's presence or the existence of the detainer until after he released A.S. out the back door of the courthouse at 3:01 p.m. *See* Indictment, ¶¶ 9-10, 14-15, 18-19, 22-23, 26. Furthermore, to the extent that MacGregor is seeking exculpatory information, the government has already produced all such information.

## CONCLUSION

For these reasons, the government respectfully requests that the Court deny the defendants' motion to compel.

The defendants also ask that their deadline for any motion seeking a copy of the legal instructions given to the grand jury be the same as their deadline for motions to dismiss. The government does not oppose this request.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By: *s/ Christine Wichers*
     DUSTIN CHAO
     CHRISTINE WICHERS
     Assistant U.S. Attorneys

**Certificate of Service**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 17, 2019.

                            *s/ Dustin Chao*
                            DUSTIN CHAO