UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 19-cr-10141-LTS |
| SHELLEY M. RICHMOND JOSEPH and WESLEY MACGREGOR, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 59, 61)

July 27, 2020

SOROKIN, J.

The government has charged Massachusetts District Court Judge Shelley M. Richmond Joseph and Massachusetts Trial Court Officer Wesley MacGregor in an Indictment alleging conspiracy and obstruction of justice in violation of 18 U.S.C. § 1512 and obstruction of a federal proceeding in violation of 18 U.S.C. § 1505.  MacGregor also is charged with perjury in violation of 18 U.S.C. § 1623.  The defendants have moved to dismiss the conspiracy and obstruction charges pursuant to Federal Rule of Criminal Procedure 12(b)(3), the doctrine of judicial immunity, and the Fifth and Tenth Amendments to the Constitution.  In their view, the Indictment fails as a matter of law to allege the elements necessary to establish a crime under the relevant obstruction statutes, and the government's attempt to extend those statutes to the conduct described in the Indictment raises constitutional and other serious legal concerns.  After careful consideration, the motions to dismiss are DENIED because the Indictment alleges the elements of the offenses and sufficient supporting factual detail.

I.     BACKGROUND

The Indictment describes events that allegedly occurred at the Newton District Court ("NDC") on April 2, 2018, while Joseph was presiding and MacGregor was working as a court officer at the NDC. Doc. No. 1 ¶¶ 6, 14-33. Per the Indictment, an Immigration and Customs Enforcement ("ICE") officer working for the United States Department of Homeland Security ("DHS") arrived at the Courthouse that morning seeking to take into custody an individual who had been arrested days earlier in Newton. Id. ¶¶ 7-10. The Indictment alleges that the individual was the subject of an immigration detainer and a warrant based on "a final order" of removal, reflecting DHS's intent to detain him and effect his removal from the United States in the event he was released from state custody. Id. ¶ 8. Again, according to the Indictment, Joseph and MacGregor, along with a privately retained criminal defense attorney, allegedly facilitated the individual's departure from the NDC using the rear sally port door of the lockup on the lower level of the NDC, rather than through the main door leading from the courtroom to the lobby where the ICE officer was waiting. Id. ¶¶

Based on these factual allegations, which are amplified further in the Indictment, a grand jury charged the defendants in Count I of the Indictment with conspiring to obstruct justice in violation of 18 U.S.C. §§ 1512(c)(2) and (k) as follows:

> On or about April 2, 2018, in Newton, in the District of Massachusetts, the defendants [Joseph and MacGregor] conspired with the Defense Attorney to corruptly obstruct, influence, and impede an official proceeding, namely, a federal immigration removal proceeding before the United States Department of Homeland Security.

Id. ¶ 38. Count II charges the underlying offense of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) in nearly identical terms. See id. ¶ 40. In Count III, the defendants are charged with obstructing a federal proceeding in violation of 18 U.S.C. § 1505 as follows:

>On or about April 2, 2018, in Newton, in the District of Massachusetts, the defendants [Joseph and MacGregor] did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding was being had before a department and agency of the United States, namely, a federal immigration removal proceeding before the United States Department of Homeland Security.

Id. ¶ 42.[1]

On September 6, 2019, the defendants each moved to dismiss the conspiracy and obstruction charges against them.  Doc. Nos. 59, 60, 61, 62.  With the Court's permission, five amicus curiae briefs were filed supporting various aspects of the defendants' dismissal motions.[2]  Doc. Nos. 66, 71, 77, 81, 92.  The government opposed the motions, Doc. Nos. 98, 99, Joseph replied, Doc. No. 115, and the government sur-replied, Doc. No. 118.  The Court heard oral argument by video on June 11, 2020.  Doc. No. 138.  The motions are now ripe for disposition.

II.     LEGAL STANDARDS

The question presented by a motion seeking dismissal of a lawfully returned criminal indictment "is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense."  United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012); accord United States v. Brissette, 919 F.3d 670, 675 (1st Cir. 2019).  The Court presumes the allegations of an indictment are true for purposes of assessing its sufficiency.  United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014).  Because dismissal of an indictment "directly encroaches upon the

---

[1] MacGregor is charged in Count IV with perjury, which is not the subject of the pending motions to dismiss.

[2] The Court has considered the amicus briefs only insofar as they discuss issues and challenges raised by one or both defendants in their motions to dismiss.  Because amici may not introduce new grounds for dismissal, United States v. Sturm, Ruger & Co., 84 F.3d 1, 6 (1st Cir. 1996), the Court has disregarded any challenges articulated by amici but not advanced by either defendant.  The Court appreciates the submission of each amicus curiae but found especially helpful the thoughtful illumination offered by the Commonwealth of Massachusetts and the Legal Scholars as to certain issues raised by the defendants.

fundamental role of the grand jury," the circumstances under which a trial court properly may invoke its authority in this regard are "extremely limited."  Whitehouse v. U.S. Dist. Court, 53 F.3d 1349, 1360 (1st Cir. 1995); cf. Costello v. United States, 350 U.S. 359, 364 (1956) (declining to permit "defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence," as doing so "would run counter to the whole history of the grand jury institution").

"Defendants challenging the sufficiency of an indictment bear a heavy burden."  United States v. Perry, 37 F. Supp. 3d 546, 550 (D. Mass. 2014) (citing United States v. Troy, 618 F.3d 27, 34 (1st Cir. 2010)).  "At the indictment stage, the government need not 'show,' but merely must allege, the required elements" of the offenses charged.  Stewart, 744 F.3d at 21.  "The indictment should be specific enough to notify the defendant of the nature of the accusation against him and to apprise the court of the facts alleged."  United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002).  Indeed, as the First Circuit has emphasized, "[a]n indictment need not say much to satisfy" this constitutional notice requirement.  United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018).  Essentially, a Rule 12 challenge to the sufficiency of an indictment's allegations will fail so long as it "describes all of the elements of the charged offense using the words of the relevant criminal statute."  United States v. Wells, 766 F.2d 12, 22 (1st Cir. 1985) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

III. DISCUSSION

Joseph levels three types of challenges to the conspiracy and obstruction charges in the Indictment, arguing that she is shielded from prosecution by the doctrine of judicial immunity, that the government has not sufficiently alleged three aspects of the charges against her, and that the invocation of the obstruction statutes in the circumstances presented here violates the

Constitution in two ways. Doc. No. 60 at 16-37. MacGregor echoes Joseph's sufficiency and constitutional challenges. Doc. No. 62 at 8-20. The Court will address each challenge in turn and will briefly explain why each fails as a basis for dismissal.

First, Joseph argues that the charges against her violate "core principles of judicial immunity." Doc. No. 60 at 16. The parties hotly contest whether judicial immunity insulates against criminal liability or is restricted to civil lawsuits. Compare id. at 16-22 (arguing the doctrine shields judges from both civil and criminal liability), with Doc. No. 98 at 15-20 (arguing the doctrine cannot protect against criminal charges, and that it would not safeguard Joseph in any event). The Court need not now resolve this question, for even if judicial immunity extends to the criminal context, it would apply only where "judicial acts performed within a judge's jurisdiction" are concerned. In re Kendall, 712 F.3d 814, 833-37 (3d Cir. 2013) (Roth, J., concurring); see Zenon v. Guzman, 924 F.3d 611, 616-20 (1st Cir. 2019) (engaging in a fact-intensive analysis of the nature and function of the conduct at issue to determine whether judicial immunity from civil suit applied); see also Mireles v. Waco, 502 U.S. 9, 9 n.1, 11-12 (1991) (noting judges are "not absolutely immune from criminal liability" (emphasis added)). Of course, any such immunity, if it exists, would never shield "corruption or bribery." In re Kendall, 712 F.3d at 834. Where the Indictment charges that Joseph acted "corruptly," Doc. No. 1 ¶¶ 27, 30, 38, 40, 42, it is not within this Court's province on a motion to dismiss to determine whether judicial immunity, even if its reach encompasses criminal liability, provides a viable shelter for Joseph in the circumstances alleged here. See Stepanets, 879 F.3d at 372 (explaining "that a court must deny a motion to dismiss if the motion relies on disputed facts").

Next, Joseph and MacGregor seek dismissal of the Indictment because, they argue, it fails to state an offense under either of the two obstruction statutes it invokes. In particular, they urge

5

that the Indictment "does not allege any corrupt intent on the part of" either defendant; it alleges interference with "the execution of a civil immigration warrant [which] does not qualify as a 'proceeding'" under either obstruction statute; and it does not allege the sort of crime they assert is required to sustain conspiracy and obstruction charges under § 1512.  Doc. No. 60 at 22-30; Doc. No. 62 at 8-15.  In advancing these arguments, Joseph and MacGregor lose sight of the governing legal standard.  Each of the first three Counts in the Indictment alleges the elements of the charged offense by invoking the relevant statutory language, compare Doc. No. 1 ¶¶ 38, 40, 42, with 18 U.S.C. §§ 1505, 1512(c)(2), and provides sufficient factual detail to "notify the defendant[s] of the nature of the accusation against [them] and to apprise the court of the facts alleged," Brown, 295 F.3d at 154.  Cf. United States v. Murphy, 762 F.2d 1151, 1153 (1st Cir. 1985) (finding obstruction indictment insufficient where it "parrot[ed] the statute" but in no way identified the "official proceeding the grand jury had in mind").  Nothing more is required at this stage of the prosecution.

     Finally, Joseph and MacGregor suggest that application of the charged obstruction statutes to the conduct at issue violates the Tenth Amendment and principles of Due Process.  Doc. No. 60 at 30-37; Doc. No. 62 at 15-20.  In advancing these challenges, the defendants characterize the Indictment as criminalizing their "lawful decision not to assist" the ICE officer in administering federal immigration laws, Joseph's "decisions about how to manage [her] courtroom[]," and MacGregor's "exercise of his daily duties."  Doc. No. 60 at 31, 34; Doc. No. 62 at 16, 18; see also Doc. No. 115 at 24 (suggesting Joseph engaged in only "lawful and discretionary acts" and "did not 'affirmatively impede' anything").  At bottom, the defendants' constitutional arguments require the assessment of disputed facts, characterizations of the events underlying the Indictment, or other evidentiary analysis.  Such fact-laden determinations are

outside the scope of a motion to dismiss.  Because the Indictment complies with the governing legal standard, neither constitutional challenge provides an avenue to dismissal.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Motions to Dismiss (Doc. Nos. 59 and 61) are DENIED. The discovery motions remain pending.  After resolution of those motions, the Court will confer with the parties to establish a schedule for any other matters in this case and the date for trial.

                SO ORDERED.

                /s/ Leo T. Sorokin
                United States District Judge