UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19-cr-10141-LTS |
| | ) | |
| SHELLEY M. RICHMOND JOSEPH and | ) | |
| WESLEY MACGREGOR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FIRST ORDER ON DEFENDANTS' DISCOVERY MOTIONS

July 27, 2020

SOROKIN, J.

A number of motions arising from discovery disputes are fully briefed and pending before the Court. This Order resolves one and requires the submission of materials for the Court's review in connection with several others.

I.  GRAND JURY INSTRUCTIONS

Defendant Shelley M. Richmond Joseph seeks an order requiring the government to produce any legal instructions it provided to grand jurors when seeking an indictment in this case, describing her motion as "driven in the first instance by positions the government took in" opposing Joseph's motion to dismiss the indictment. Doc. No. 109 at 2. The possible "irregularity" Joseph cites as the basis for her request is her belief "that the grand jury may never have been instructed regarding judicial immunity in the context of good faith as a defense" to the obstruction charges. Id. The government opposes Joseph's motion. Doc. No. 114.

The Court has determined that the Indictment is facially valid, and the contested question of the scope and application of judicial immunity in this case is not amenable to resolution at this

time. Doc. No. 142 at 1, 5, 7. Moreover, the law does not require the government to present to a grand jury exculpatory information or theories of defense. United States v. Williams, 504 U.S. 36, 51-52 (1992); cf. United States v. Stevens, 771 F. Supp. 2d 556, (D. Md. 2011) (distinguishing between a mere failure to instruct a grand jury on an applicable point of law and reliance on a seriously erroneous and misleading statement of law). Accordingly, Joseph's Motion for Production of Discovery of Grand Jury Instructions (Doc. No. 109) is DENIED.

II.     OTHER MATERIALS

Other pending objections and motions center on statements made by certain witnesses to government investigators and/or to the grand jury. See Doc. Nos. 105, 106 (objecting to the Magistrate Judge's denial of a motion seeking disclosure of, inter alia, statements by the Defense Attorney and the Assistant District Attorney referenced in the Indictment); Doc. No. 128 (seeking disclosure of statements by ICE officers and referencing grand jury testimony of a Newton District Court officer). To aid the Court's evaluation of these matters, the government shall submit for ex parte in camera review any and all statements, including transcripts of grand jury testimony, by: (1) the two ICE agents present at the Newton District Court on April 2, 2018; (2) the Assistant District Attorney referenced in the Indictment; and (3) the Defense Attorney referenced in the Indictment. Additionally, Joseph shall submit for ex parte in camera review: (1) "the grand jury transcript of one of the NDC court officers on duty on April 2, 2018" referenced in her Third Supplementary Motion to Compel, Doc. No. 128 at 1; and (2) the "witness statement not provided . . . in automatic discovery" referenced in her May 27, 2020 reply brief, Doc. No. 137 at 3-4, if that statement is different from the grand jury transcript referenced in (1).

The parties shall make these submissions, <u>ex parte and under seal</u>, by the close of business on Monday, August 3, 2020.

                                                                 SO ORDERED.

                                               /s/ Leo T. Sorokin  
                                              United States District Judge