UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )<br>)<br>SHELLEY M. RICHMOND JOSEPH and )<br>WESLEY MACGREGOR,               )<br>)<br>Defendants.                             ) | No. 19-cr-10141-LTS |

ORDER ON DEFENDANTS' MOTIONS TO STAY
PENDING APPEAL (DOC. NOS. 153, 155)

October 2, 2020

SOROKIN, J.

On July 27, 2020, the Court denied the defendants' motions to dismiss three of the four counts charged in the indictment returned against them.[1] The motions raised a number of challenges, including one arising from Judge Shelley M. Richmond Joseph's assertion of judicial immunity from criminal prosecution, and one arising from both defendants' assertion that the Tenth Amendment to the United States Constitution precludes their prosecution. The Court rejected those challenges under the stringent standards governing pretrial dismissal in criminal cases. Doc. No. 142. Both defendants have filed notices of interlocutory appeal, seeking the First Circuit's review of their judicial immunity and Tenth Amendment challenges. Doc. Nos. 147, 149. Both defendants have also filed motions asking this Court to stay further proceedings

---

[1] Count IV alleges a perjury charge against Wesley MacGregor only; he did not seek dismissal of that charge.

until their appeals are resolved.  Doc. Nos. 153, 155.  The government has opposed the motions.  Doc. No. 156.  Joseph filed a reply.  Doc. No. 159.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  "Though judicially spawned," this divestiture "rule has sturdy roots" arising from "the principle that jurisdiction over a single case ordinarily should reside in a single court at any single point in time."  United States v. Brooks, 145 F.3d 446, 455-456 (1st Cir. 1998).  Pursuant to the rule, the defendants' filings of notices of appeal divested this Court "of authority to proceed with respect to any matter touching upon, or involved in, the appeal."  United States v. Mala, 7 F.3d 1058, 1051 (1st Cir. 1993).

The government urges the Court to proceed notwithstanding these well-established principles, noting that the divestiture rule has exceptions.  According to the government, the twin assertions underlying the stay requests—that the Court of Appeals has jurisdiction over the interlocutory appeals, and that the defendants advance claims that would warrant reversal (i.e., dismissal)—are "patently meritless."  Doc. No. 156 at 1, 7.  As the First Circuit has explained, "a district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way . . . or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case."  Brooks, 145 F.3d at 456.  Applying these exceptions, if the government were correct that the defendants have appealed an unappealable order or that the claims advanced were "transparently frivolous," then, of course, the stay requests would be denied.

Whatever the likelihood may be of the defendants prevailing (or not) on appeal on one or both of their arguments for dismissal, their claims are neither "patently meritless" nor "transparently frivolous." See, e.g., In re Kendall, 712 F.3d 814, 833-37 (3d Cir. 2013) (Roth, J., concurring) (endorsing view that judicial immunity can and should protect against criminal prosecution for "judicial actions within the judge's jurisdiction" "absent corruption or bribery").[2]

Similarly, the defendants' notices of appeal are not "defective in some substantial and easily discernible way," as they assert a theory of interlocutory appellate jurisdiction in a criminal case that is at least colorable and has been endorsed by other Courts of Appeals previously. See United States v. Claiborne, 727 F.2d 842 (9th Cir. 1984) (exercising jurisdiction over interlocutory appeal by a judge of trial court's denial of motion to quash criminal indictment based on assertion of absolute immunity); United States v. Hastings, 681 F.2d 706 (11th Cir. 1982); (same); cf. Filler v. Kellett, 859 F.3d 148, (1st Cir. 2017) (noting "interlocutory jurisdiction" does permit review of immunity rulings that turn "on a question of law," observing claims of "absolute immunity . . . only rarely turn[] on questions of fact," and explaining in detail why this particular challenge presented factual questions precluding the exercise of interlocutory review). Thus, the government has not established that an exception to the divestiture rule applies here to permit this Court to proceed while the defendants' appeal is pending.

Moreover, in all three of the above-cited cases, the trial court either stayed the case during the pendency of the appeal or erred in failing to do so. See Filler v. Hancock Cty., No. 15-cr-48, ECF No. 60 (D. Me. Apr. 4, 2016) (granting prosecutor's request for stay pending appeal of ruling denying immunity claim, noting absolute immunity includes protection from the

---

[2] In so saying, the Court takes no position on the strength or likelihood of success of the judicial immunity or Tenth Amendment arguments either in the Court of Appeals or thereafter, should this case proceed after the appeal concludes.

3

burden of discovery); Claiborne, 727 F.2d at 850-51 (explaining that the district court's continuation of proceedings while the interlocutory appeal was pending was error, finding the error was harmless given the resolution of the appeal in the government's favor, but advising the trial court to re-enter any motions and orders filed during the pendency of the appeal to avoid "jurisdictional problems"); Br. U.S., Hastings v. United States, No. 82-863, 1983 WL 961998, at *3 (U.S. Jan. 20, 1983) (reflecting judge-defendant's criminal trial court proceedings were stayed pending his appeal and resumed after Court of Appeals rejected his immunity claim).

Accordingly, the motions to stay (Doc. Nos. 153 and 155) are ALLOWED.[3]

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[3] The government alternatively requested that the Court proceed with discovery and other matters, including resolution of the various pending discovery motions. Doc. No. 156 at 8-9. The defendants seek a stay of "all further proceedings," Doc. No. 154 at 1; Doc. No. 155 at 1, but Joseph indicated in her reply brief that, should the Court decline to impose a complete stay, she would "not oppose the Court retaining jurisdiction over" three specific discovery matters, Doc. No. 159 at 5. Under the governing divestiture doctrine and the policies underlying it, the parties may not confer jurisdiction on this Court by agreement. The Court understands and shares the government's expressed interest in proceeding efficiently in this (and all) matters, it has reviewed the various pending motions already, and it will be prepared to proceed promptly in the future if and when it is called upon to do so.