UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>SHELLEY M. RICHMOND JOSEPH, and )<br>WESLEY MACGREGOR, )<br>)<br>Defendants  ) | Criminal No. 19-cr-10141-LTS |

## MOTION TO DISMISS COUNTS 1-3 AND DEFER PROSECUTION AS TO COUNT 4

The United States of America, by and through its undersigned counsel, hereby moves, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, to dismiss Counts 1-3 of the Indictment in this case in accordance with an agreement reached with Massachusetts state District Court Judge Shelley Richmond Joseph under which she has attested to a statement of relevant facts and agreed to refer herself to the Massachusetts Commission on Judicial Conduct: the forum that is designed to investigate and address alleged misconduct by state judicial officers and to make final recommendations on discipline to the Supreme Judicial Court of Massachusetts.  A separate agreement has been reached to defer prosecution against retired Massachusetts Court Officer Wesley MacGregor on Count 4 of the Indictment.  Those agreements, which resolve the pending federal criminal charges against both defendants, are attached hereto as Exhibit A (as to Joseph) and Exhibit B (as to MacGregor).  An affidavit attesting to the fact that Judge Joseph has referred herself to the Massachusetts Commission on Judicial Conduct is attached as Exhibit C. Both defendants, through counsel, consent to the requested dismissals.

The government has conducted a full review of the evidence, the applicable law, and all relevant equitable and prudential factors pertinent to this matter.  Based on this review, the United

States has concluded that dismissal of the above-referenced counts is in the interests of justice, consistent with the Principles of Federal Prosecution set forth in Justice Manual § 9-27.22. Among other factors, respect for comity and federalism as between the state and federal judicial systems, as well as the availability of an alternative forum capable of adequately and proportionately addressing the alleged conduct, strongly favors dismissal.

Judge Joseph's actions on April 2, 2018, needlessly obscured the events surrounding the release of a Massachusetts state court defendant who was also the subject of an ICE civil detainer. *See United States v. Joseph*, 26 F.4th 528, 531-32 (1st Cir. 2022).  Those actions contributed to the ambiguity of the factual record.   But that ambiguity, any potential violations of Massachusetts state court policies, and the question of whether Judge Joseph's actions potentially undermined public confidence in the integrity and impartiality of a state court proceeding, are, in this case, best addressed by state judicial oversight, rather than federal criminal prosecution.  Judge Joseph's agreement to refer herself to the Judicial Conduct Commission will allow for that oversight, as the Commission will have the ability to fully consider Judge Joseph's recent factual admissions as part of its review, along with the public allegations and filings made in this case.

Mr. MacGregor, who has already been subject to discipline for his conduct, has resigned his position as a Court Officer and is no longer employed by the Massachusetts state court system, has entered into a deferred prosecution agreement with respect to Count 4: the single count of perjury with which he is charged.   The United States has determined that the deferred prosecution agreement entered with Mr. MacGregor represents a fair and balanced resolution of this matter and is likewise in the interest of justice.

For all of the foregoing reasons, the United States respectfully requests that the Court grant its motion to dismiss Counts 1-3 of the Indictment and defer prosecution as to Count 4.

        Respectfully submitted,

        ZACHARY A. CUNHA
        UNITED STATES ATTORNEY
        Acting Under Authority
        Conferred by 28 U.S.C. § 515

By: /s/ William Abely
     WILLIAM ABELY
     Criminal Chief
     AMANDA STRACHAN
     Deputy Criminal Chief
     U.S. Attorney's Office
      for the District of Massachusetts

September 22, 2022